J-S22017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRACY LYNN ADDLEMAN | : | |
| | : | |
| Appellant | : | No. 1804 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 23, 2018
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000495-2018

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 09, 2019**

Appellant, Tracy Lynn Addleman, appeals from the October 23, 2018

Judgment of Sentence entered in the Centre County Court of Common Pleas

following her conviction of one count of Theft by Deception—Failing to Correct

a False Impression.[1]  After careful review, we vacate and remand for further

proceedings.

The facts and procedural history are, briefly, as follows.  Appellant was

an employee of Snappy's Convenience Store ("Snappy's") in Centre Hall.

Snappy's hired Appellant as the manager of the Centre Hall store in June 2017.

On March 12, 2018, the Commonwealth charged her with offenses related to

the loss of a significant amount of money from the store's safe that Appellant's

supervisor, Snappy's district manager Marie Rossman, discovered missing in

_____

[1] 18 Pa.C.S. § 3922(a)(3).

_____

*   Retired Senior Judge assigned to the Superior Court.

December 2017. Upon realizing that money was missing, Ms. Rossman immediately accused Appellant of misappropriating it. Appellant was not, however, in possession of the money and its whereabouts remain unknown.

Before trial, the Commonwealth filed a Motion in *Limine* seeking permission to admit, *inter alia,* testimony that in December 2017, around the same time that Ms. Rossman discovered funds missing from Snappy's safe, Appellant started treating the her co-workers to lunches and snacks and giving them gifts. Motion, 8/24/18, at ¶¶ 9-11. The Commonwealth argued that this testimony was relevant to establish Appellant's motive to steal money from the Snappy's safe, demonstrate that her failure to make daily deposits with the bank was not a mistake, establish common scheme to remove cash from the safe for reasons other than to make daily deposits, and establish Appellant's identity as the person who was unlawfully accessing the safe and improperly using the funds from the safe. *Id.* at ¶ 12-15. The trial court issued an Order, which, *inter alia*, granted the Commonwealth's Motion *in Limine*.

Appellant's two-day jury trial commenced on September 10, 2018. The Commonwealth's case consisted of the testimony of Ms. Rossman and other Snappy's employees. The Commonwealth also introduced the bank records of Snappy's deposits. The Commonwealth did not, however, present any direct evidence that it was Appellant who stole the funds from Snappy's safe.

On September 11, 2018, the jury convicted Appellant of the above charge.[2] The trial court ordered a Pre-Sentence Investigation Report and deferred sentencing.

On October 23, 2018, the court sentenced Appellant to serve a four-year term of Intermediate Punishment. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Did the [t]rial [c]ourt err when it permitted the Commonwealth to introduce evidence concerning Appellant buying lunches and snacks for her employees during the time period in which money was missing, but disallowed Appellant to refute that evidence by offering evidence that she purchased lunches and snacks for employees at her previous job?

2. Did the [t]rial [c]ourt err when it disallowed the introduction of evidence that [Appellant] had a strong verbal disagreement with the district manager shortly before Appellant was accused of taking money and the district manager was her main accuser and the Commonwealth's primary witness against Appellant?

Appellant's Brief at 6.

In her first issue, Appellant claims the trial court erred in precluding her from introducing evidence to rebut the Commonwealth's theory that her increased gift giving and generosity in December 2017 marked a change in her behavior coinciding with, and, thus, proving, her theft of Snappy's funds. In support of this theory, the Commonwealth sought to introduce evidence from which the jury could infer that, because Appellant began to treat her co-

---

[2] The jury also acquitted Appellant of Theft by Unlawful Taking and Receiving Stolen Property.

workers to meals and gifts at the same time that money disappeared from Snappy's safe, Appellant was responsible for the money's disappearance.

In an effort to refute the inference suggested by the Commonwealth, Appellant attempted to introduce into evidence the testimony of her former co-workers at Dollar General to show that she had engaged in the same behavior at her previous job. *Id.* at 22, 24, 26.

The court excluded the evidence of Appellant's former co-workers, concluding both that it was irrelevant because any probative value was "marginal at best," and that it was inadmissible reputation evidence because it pertained to a "completely different time period." N.T., 9/11/18, at 441.

The admission of evidence is within the discretion of the trial court. *Commonwealth v. Woodard*, 129 A.3d 480, 494 (Pa. 2015); *see also Commonwealth v. Feflie*, 581 A.2d 636, 643 (Pa. Super. 1990). "An abuse of discretion will not be found based on a mere error of judgment, but rather occurs where the court has reached a conclusion that overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Woodard*, *supra* at 494 (citation omitted). An abuse of discretion by the trial court, and a showing of resulting prejudice, constitutes reversible error. *Commonwealth v. Glass*, 50 A.3d 720, 724-25 (Pa. Super. 2012).

Generally, all relevant evidence is admissible, and evidence is relevant if it has "any tendency to make a fact more or less probable then it would be without the evidence." Pa.R.E. 401. *See also id.* at 402. A court may exclude

relevant evidence where its probative value is outweighed by the danger of unfair prejudice. *See* Pa.R.E. 403.

We agree with Appellant that her evidence was relevant to rebut the Commonwealth's theory that Appellant's generous behavior toward her co-workers began, for the first time, in December 2017 and its implication that her generosity stemmed from her misappropriation of Snappy's funds. Appellant's evidence that she engaged in similar generosity at her previous job directly challenges the inference the Commonwealth sought the jury to make. Accordingly, we conclude that the trial court abused its discretion in excluding this evidence.

In her second issue, Appellant claims the trial court erred in preventing her from cross-examining Ms. Rossman about Appellant's alleged refusal to follow Ms. Rossman's directive prior to Ms. Rossman accusing Appellant of stealing the missing money. In particular, Appellant sought to elicit testimony that Ms. Rossman directed Appellant to fabricate reports of misconduct of other employees. Ms. Rossman allegedly wanted such reports so that she could terminate the employment of the employees and Snappy's would not have to pay them unemployment compensation. Appellant refused Ms. Rossman's request. Shortly thereafter, Ms. Rossman accused Appellant of stealing the funds from the safe. Appellant argues that this evidence was relevant for impeachment purposes to establish Ms. Rossman's bias against Appellant and motive to lie. Appellant's Brief at 31, 34-35.

The trial court precluded Appellant from cross-examining Ms. Rossman on this issue because Appellant's "termination [was] not demonstrated to be a material issue in the case" and thus, testimony was not probative of Ms. Rossman's motive or bias. Trial Ct. Op., 1/3/19, at 4. The court further found that the evidence was inadmissible under Pa.R.E. 608(b)(1). *Id.* Thus, the court sustained the Commonwealth's objection. N.T., 9/10/18, at 109.

Rule 608(b)(1) provides that, "the character of a witness for truthfulness may not be attacked or supported by cross-examination or extrinsic evidence concerning specific instances of a witness'[s] conduct[.]" Pa.R.E. 608(b)(1). However, Pennsylvania courts have consistently recognized that evidence of bias is relevant to impeach the credibility of a witness. The United States Supreme Court has defined bias as "the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party." *United States v. Abel*, 469 U.S. 45, 52 (1984). In *Commonwealth v. Abu-Jamal*, 555 A.2d 846 (Pa. 1989), our Supreme Court adopted the reasoning of the United States Supreme Court in *Abel* that "[p]roof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness'[s] testimony." *Abu-Jamal*, 555 A.2d at 853 (emphasis omitted).

In light of the foregoing authority and Appellant proffers, we agree with Appellant that the court improperly precluded her from cross-examining Ms. Rossman about Appellant's refusal to falsify employee misconduct reports.

This evidence was relevant to Ms. Rossman's alleged bias against Appellant and supported Appellant's theory that Ms. Rossman accused Appellant because Appellant refused to fabricate false misconduct reports. As the arbiter of witness credibility, the jury was entitled to the opportunity to consider all of the evidence concerning the accuracy and truth of Ms. Rossman's testimony. Thus, we conclude that the court abused its discretion in excluding it.[3]

In light of these significant evidentiary errors, we vacate Appellant's Judgment of Sentence.

Judgment of Sentence vacated; case remanded for further proceedings; jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/2019

---

[3] We acknowledge that impeachment evidence is also subject to Rule 403, which provides that the court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Pa.R.E. 403. We conclude here that the probative value of Appellant's proffered evidence outweighs any potential prejudice.